**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**RYAN VENCI, ESQ.**
Nevada Bar No. 7547
**KRISTEN MOLLOY, ESQ.**
Nevada Bar No. 14927
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
l.brandon@bsnv.law
r.venci@bsnv.law
k.molloy@bsnv.law
*Attorneys for Defendant,*
*ALBERTSON'S, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMMIE JETT, individually,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERTSON'S LLC; ALBERTSON'S INC.; ALBERTSON'S STORES SUB, LLC; and DOES I-X and ROES IX-XX,<br><br>    Defendants. | CASE NO.: 2:25-cv-00476-GMN-BNW |

## STIPULATION AND ORDER REGARDING AGREED PROTECTIVE ORDER

COMES NOW, Defendant, ALBERTSONS, LLC, by and through its attorneys of record, LEW BRANDON, JR., ESQ., RYAN VENCI, ESQ., and KRISTEN MOLLOY, ESQ., of BRANDON | SMERBER LAW FIRM and Plaintiff, TOMMIE JETT, by and through her attorneys, NIHAT DENIZ BAYRAMOGLU, ESQ. and TERRY WIKE, ESQ. of BAY LAW INJURY ATTORNEYS and request an Order as follows:

/ / /

**PURPOSE OF THIS PROTECTIVE ORDER**

The purpose of this Stipulated Protective Order is to provide a means for limiting access to and use and disclosure of Confidential Documents or Information produced in this action. Any unauthorized disclosure of Confidential Documents or Information in violation of this Order may be subject to discipline by the contempt powers of this United States District Court for the District of Nevada.

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

1. All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by either party during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by the producing party by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object or on the pleadings itself. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. The designation may only be made after a good faith review by counsel of record. Counsel must also, when seeking to seal a judicial record, comply

with the "compelling reasons" standard which was set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

3. If any party believes documents produced by another party contain information which should be subject to this protective order after a good faith review by his/her/its counsel of record, that party shall provide written notice to all counsel of any documents designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER no later than thirty-five (35) days after disclosure of the documents.

4. With respect to deposition testimony, a party may, either on the record at the deposition or by written notice to counsel for the other party no later than thirty-five (35) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty-five (35) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

5. The inadvertent or unintentional disclosure by either party of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of the claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as

CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after the disclosing party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by either party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery. If any party becomes aware of the production or disclosure of such protected information by the other party, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

6. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 9 are present during such presentation, quotation or reference.

7. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such

information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by the other party upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 9(h) and/or 11 of this Protective Order.

8. Except as agreed by the disclosing party or as otherwise provided herein, including in Paragraphs 9(h) and 11 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 9(h) and 11 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving the parties.

9. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as Exhibit A;

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h) the Nevada Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law including, but not limited to, NRS 686A.283 to NRS 686A.289, inclusively;

(i) a jury involve in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as Exhibit A.

10. Subject to Paragraph 11 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

11. Nothing in this Protective Order disallows any party's insurance company's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state

and federal laws; the records retention requirements of the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; its records retention practices; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by the insurer as permitted and/or required by applicable state and federal law, including NRS 686A.283 to NRS 686A.289, inclusively, including reporting to Insurance Services Office, Inc.

12. Either party may, at any time during the pendency of this lawsuit, request from the disclosing party, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for the producing party shall attempt to meet and confer. If the parties are unable to agree with the protected designation of a disclosure, the disclosing party may, within thirty (30) days of the meet-and- confer, file a motion with the Court to maintain the disputed designation. During the pendency of such a motion, the disclosing party's designation will remain in force. Should the disclosing party not seek protection from the Court within thirty (30) days of the meet-and-confer, the protected designation will be withdrawn. In the event a motion for protection is filed, all burdens to demonstrate good cause for a protected designation shall remain with the disclosing party. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated

CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party intending to utilize the document must provide notice to the party that originally produced the document. The party that originally produced the document may request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15. Within thirty-five (35) days of the final determination of this action, each party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, except for the Court when it has retained information under seal which shall remain sealed unless the Court enters an order unsealing it pursuant to LR IA 10-5, shall be obligated to return the same, including any copies, or to destroy such information and certify that it has been destroyed, except that the recipient need not destroy or return transcripts of depositions and materials filed with the Court, and party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER; provided, however, that the requirements of this Paragraph are subject to the

requirements of Paragraphs 9(h) and 11 of this Protective Order and to the routine business practices of any party's insurer, and also subject to the regular business practices for maintenance and destruction of client files by the parties' counsel. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation.   To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case this requirement is not intended to require any party's insurer to return or destroy any documents that it is otherwise required by law to maintain.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

/ / /

/ / /

/ / /

/ / /

18. Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal and in accordance with the Federal Rules of Civil Procedure, LR IA 10-5, and the compelling reasons standard set forth in *Kamakana*, 447 F.3d at 1178-1179. Specifically, for dispositive motions, if a party seeks to maintain the secrecy of an attached document/exhibit, the party must meet the compelling reasons standard. For non-dispositive motions, a showing of good cause pursuant to FRCP 26(c) will be sufficient to keep attached documents/exhibits secret.

**IT IS SO STIPULATED.**

DATED this 25th day of September 2025.    DATED this 25th day of September 2025.

**BRANDON | SMERBER LAW FIRM**    **BAY LAW INJURY ATTORNEYS**

*/s/ Kristen Molloy, Esq.*    */s/    Terry L. Wike, Esq.*
**LEW BRANDON, JR., ESQ.**    **NIHAT DENIZ BAYRAMOGLU, ESQ.**
Nevada Bar No. 5880    Nevada Bar No. 14030
**RYAN VENCI, ESQ.**    **TERRY L. WIKE, ESQ.**
Nevada Bar No. 7547    Nevada Bar No. 7211
**KRISTEN MOLLOY, ESQ.**    1540 W. Warm Springs Rd., Ste. 110
Nevada Bar No. 14927    Henderson, NV 89014
139 E. Warm Springs Road    Attorneys for Plaintiff,
Las Vegas, Nevada 89119    TOMMIE JETT
Attorneys for Defendant,
ALBERTSONS, LLC

**<u>ORDER</u>**

**IT IS SO ORDERED**

Dated this <u>26th</u> day of <u>  September  </u>, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges receipt of that certain **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** entered in Jett v. Albertsons, LLC., et al., Case No. 2:25-cv-00476-GMN-BNW of the United States District Court for the District of Nevada. I have reviewed that **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** and hereby agree to be bound by the terms thereof.

Date: _____

By: _____